GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendant,
  the Somerset County Prosecutor's Office

By: Phoenix N. Meyers(307302019)
    Deputy Attorney General
    609-815-2839
    Phoenix.Meyers@law.njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| PETER CRISAFULLI and COREY FLOYD,<br><br>     Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF BRANCHBURG., et al.,<br><br>     Defendants. | Hon. Michael A. Shipp, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>Civil Action No.<br>3:21-cv-05709-MAS-DEA<br>**NOTICE OF MOTION TO DISMISS PLAINTIFFS PETER CRISAFULLI AND COREY FLOYD'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 12(b)(1)** |

**TO:**  The Honorable Michael A. Shipp, U.S.D.J.
       United States District Court, District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street, Court Room 4A
       Newark, New Jersey 07101

       All Counsel of Record **(via em/cmf)**

PLEASE TAKE NOTICE that on June **7, 2021**, the undersigned, Gurbir S. Grewal, Attorney General of New Jersey, by Deputy Attorney General Phoenix Meyers, appearing on behalf of Defendant Somerset County Prosecutor's Office, shall move before the Honorable Michael A Shipp , United States District Judge, in the Martin Luther King Building & U.S. Courthouse, Newark, New Jersey, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), for an Order dismissing Plaintiff Peter Crisafulli and Corey Floyd's Complaint with prejudice.

PLEASE TAKE FURTHER NOTICE that the undersigned will rely on the attached Brief in support of the motion.

PLEASE TAKE FURTHER NOTICE that the undersigned respectfully requests that the Court rule upon the moving papers submitted, without requiring appearance of counsel, pursuant to Federal Rule of Civil Procedure 78, unless opposition is submitted, in which case oral argument is requested.

A proposed form of Order is attached hereto.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Phoenix N. Meyers
Phoenix N. Meyers
Deputy Attorney General
Attorney ID: 307302019

DATE: May 7, 2021

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER CRISAFULLI and COREY FLOYD, <br><br>     Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF BRANCHBURG., et al., <br><br>     Defendants. | Hon. Michael A. Shipp, U.S.D.J. <br> Hon. Douglas E. Arpert, U.S.M.J. <br><br>     CIVIL ACTION NO.: <br>     3:21-cv-05709-MAS-DEA |

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF AN ANSWER ON BEHALF OF DEFENDANT SOMERSET COUNTY PROSECUTOR'S OFFICE

---

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendant, Somerset County
Prosecutor's Office

By:  Phoenix N. Meyers
    Deputy Attorney General
    609-815-2839
    Phoenix.Meyers@law.njoag.gov

## <u>TABLE OF CONTENTS</u>

**Page No.**

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS...............................................................................................2

STANDARD OF REVIEW ...............................................................................................4

LEGAL ARGUMENTS....................................................................................................5

   I.     THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST SOMERSET COUNTY PROSECUTOR'S OFFICE.................................................................................................5

   II.    ALL CLAIMS AGAINST SOMERSET COUNTY PTOSECUTOR'S OFFICE SHOULD FURTHER BE DISMISSED BECAUSE THEY ARE NOT CONSIDERED "PERSON[S]" AMENABLE TO SUIT UNDER § 1983..............................11

   III.   THE COMPLAINT DOES NOT ESTABLISH A VIABLE CLAIM AGAINST SOMERSET COUNTY PROSECUTOR'S OFFICE UNDER § 1983 ...................................................................15

CONCLUSION ...............................................................................................20

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Aschroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................6, 7

*Balsam v. Secretary of New Jersey,*
    607 F. App'x 177 (3d Cir. 2015) ...............................................................8, 9

*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,*
    520 U.S. 397 (1997) ................................................................................ 15, 16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................6, 7

*Benn v. First Judicial Dist. of Pa.,*
    426 F.3d 233 (3d Cir. 2005) ......................................................................... 8

*Berg v. Cty. of Allegheny,*
    219 F.3d 261 (3d Cir. 2000) ..................................................................... 15, 16

*Bowers v. Nat'l Collegiate Athletic Association,*
    475 F.3d 524 (3d Cir. 2007) ......................................................................... 8

*Bordenkircher v. Hayes,*
    434 U.S. 357 (1978) ................................................................................ 17, 18

*Calan v. City of Jersey City,*
    2017 WL 1135231 (D.N.J. March 27, 2017) ................................................13

*Chasin v. Montclair State Univ.,*
    732 A.2d 457  (N.J. 1999) .............................................................................10

*Coleman v. Kaye,*
    87 F.3d 1491 (3d Cir. 1996). ........................................................................11

*Dunne v. Fireman's Fund Am. Ins. Co.,*
    353 A.2d 508 (N.J. 1976) ..............................................................................11

*Endl v. New Jersey,*
    5 F. Supp. 3d 689 (2014) ..............................................................................14

*Estate of Bardzell v. Gomperts*
2021 WL 288090 (D.N.J. Jan. 27, 2021) ........................................................... 10, 11, 12

*Fitchik v. N.J. Transit Rail Operations, Inc.,*
873 F.2d 655 (3d Cir. 1989) ....................................................................................*passim*

*Gramiccioni v. Dep't of Law & Pub. Safety,,*
235 A.3d 129, 131 (N.J. 2020) ...................................................................................... 10

*Henry v. Essex County Prosecutor's Office,*
2017 WL 1243146 (D.N.J. Feb. 24, 2017) .................................................................... 13

*Hof v. Janci,*
2017 WL 3923296 (D.N.J. Sept. 7, 2017 ................................................................ 10, 14

*Iwanowa v. Ford Motor Co.,*
67 F. Supp. 2d 424 (D.N.J. 1999)................................................................................... 6

*Karns v. Shanahan,*
879 F.3d 504 (3d Cir. 2018) ........................................................................................... 8

*Kentucky v. Graham,*
473 U.S. 159 (1985) ........................................................................................................ 8

*Estate of Lagano v. Bergen Cty. Prosecutor's Office,*
769 F.3d 850 (3d Cir. 2014) ........................................................................................... 9

*Lombardo v. Pa. Dep't of Pub. Welfare,*
540 F.3d 190 (3d Cir. 2008) ........................................................................................... 7

*Maliandi v. Montclair State University,*
845 F.3d 77 (3d Cir. 2016)............................................................................................. 9

*MCI Telecomm. Corp. v. Bell Atl. Pa.,*
271 F.3d 491 (3d Cir. 2001) ........................................................................................... 8

*Mikhaeil v. Santos,*
646 F. App'x 158 (3d Cir. 2016).................................................................................... 9

*Monell v. New York City Dep't of Social Services,*
436 U.S. 658 (1978) ...................................................................................................... 15

*Papasan v. Allain,*
478 U.S. 265 (1986) ........................................................................................................ 7

*Patterson v. Pa. Liquor Control Board,*
915 F.3d 945 (3d Cir. 2019) .......................................................................................... 9

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) .................................................................................................... 7, 8

*Quern v. Jordan,*
440 U.S. 332 (1979) ...................................................................................................... 8

*Seminole Tribe v. Florida,*
517 U.S. 44 (1996) ........................................................................................................ 6

*Taliaferro v. Darby Twp. Zoning Bd.,*
458 F.3d 181 (3d Cir. 2006) ......................................................................................... 6

*United States v. Goodwin,*
457 U.S. 368 (1982). ................................................................................................... 17

*United States v. Jackson,*
575 Fed.Appx. 59 (3d Cir.2014) ................................................................................ 16

*Waterfront Comm'n of New York Harbor v. Governor of New Jersey,*
961 F.3d. 234 (3d Cir. 2020) ........................................................................................ 7

*Waters v. Saez,*
2020 WL 7351214 (D.N.J. Dec. 15, 2020) ...................................................... 10, 11, 12

*Will v. Mich. Dep't of State Police,*
491 U.S. 58 (1989) ............................................................................................... *passim*

*Wright v. State,*
778 A.2d 443, 464 (N.J. 2001) ........................................................................ 10, 11, 12

**Statutes**

42 U.S.C. § 1983 ................................................................................................... *passim*

**Other Authorities**

U.S. Const., Eleventh Amendment ..................................................................... *passim*

F.R.C.P. 12(b)(1) .......................................................................................................... 6

F.R.C.P. 12(b)(6) ....................................................................................................... 6, 7

## PRELIMINARY STATEMENT

This lawsuit arises from an internal affairs investigation related to Defendant Kate Proscia-Berger's allegations against the Plaintiffs Peter Crisafulli and Corey Floyd for sexual harassment and sexual assault. Plaintiffs sued multiple defendants, including Township of Branchburg ("TOB"), Somerset County Prosecutor's Office ("SCPO"), Kate Proscia-Berger, and former Police Chief David Young, pursuant to 42 U.S.C. § 1983. Plaintiffs aver that all Defendants deprived them of constitutionally-protected rights, including that "their rights contained in the NJSAGG, IAPP's were abrogated, and their rights to privacy, right to be secure in their persons, papers and effects against unreasonable searches and seizures, rights not to be deprived of liberty or property without due process of the law and/or not to be deprived by any state of liberty or property without due process/equal protection of law were violated/ demolished/ abridged/ curtailed/ despoiled/ disrupted/ destroyed".

However, Plaintiff's claims against Defendant SCPO fail for three reasons. First, the Eleventh Amendment immunity bars all causes of action against them. Second, all claims against SCPO are pursuant to § 1983, and the SCPO is not a "person" amenable to suit under the statute. Third, Plaintiffs fail to state a viable claim against State Defendants because she does not allege specific, culpable conduct that was attributable to them that amounts to a constitutional violation.

Consequently, this Court should dismiss the claims in the Complaint against State Defendants with prejudice.

## STATEMENT OF FACTS

In July 2018, Defendant David Young, the former Chief of Police of Defendant Branchburg Police Department (BPD)announced that he advanced the  promotions of Plaintiffs Lt. Crisafulli to the rank of Captain and Sgt. Corey Floyd to Lieutenant.. ECF No. 1 ¶9. . Defendant Kate Proscia-Berger had applied for promotion to Sergeant rank. *Id* at ¶ 10. Plaintiffs were superior officers of Defendant Proscia-Berger. *Id.* As such, Plaintiffs were assigned, among others, to evaluate her performance in consideration of her promotion. *Id.* Plaintiffs allege Proscia-Berger's job performance did not warrant the promotion and so recommended against her promotion. *Id* at ¶ 11.  Plaintiff Floyd alleges Proscia-Berger threatened to "blow the doors of the BPD" if she were not promoted. *Id.*

Proscia-Berger registered an internal affairs allegation/complaint with Police Chief Young claiming Plaintiffs sexually harassed her. *Id.* at ¶12. Apparently, Plaintiff Floyd was favored for the Lieutenant promotion and Crisafulli, Defendant Young, and the TOB Committee confirmed Floyd's promotion. *Id.* at ¶¶ 13-14. However, Police Chief Young advised Plaintiffs in writing that he was placing all promotions on hold. *Id.* at ¶ 15    On August 7, 2018 Plaintiffs claim Defendant Young, with deliberate indifference, circulated an e-mail to the entire BPD revealing he was initiating an internal affairs investigation against Plaintiffs. *Id* at ¶ 19. At that point, Defendant Young sent the internal affairs matter to Defendant SCPO for an administrative and criminal investigation. *Id* at ¶ 20. Plaintiffs assert neither Defendants TOB, Young, nor

2

SPCO notified Plaintiffs in writing that they were the target of an internal affairs investigation.   They further allege that neither received a "Preliminary Notice of Discipline Action". *Id.* at ¶¶ 21 - 22.  Plaintiffs allege there was a conflict referring the matter to the SCPO because Proscia-Berger's husband held an investigatory law enforcement position at the SCPO. *Id.*

Defendant Young deemed there was a possible conflict of interest if the BPD handled the internal affairs matter, and thus he requested SCPO to handle the internal affairs investigation. *Id.* at ¶ 23.  Plaintiffs describe the internal affairs investigation as a "chaos grenade". *Id.* at ¶ 27. Plaintiffs' legal counsel at that time advised SCPO representatives there was a conflict with SCPO being involved because of Proscia-Berger's husband's position. *Id.* at ¶ 28. Counsel's request for the SCPO's recusal and referral of the internal affairs matter to the New Jersey State Attorney General's Office was allegedly ignored by SCPO. *Id.* at ¶ 29.

Plaintiffs assert Defendant SCPO began tampering with witnesses and SCPO "did nothing to rectify that rank/austere injustice and apparent criminal conduct by Proscia-Berger and her husband". *Id* at ¶ 30. Plaintiffs further allege SCPO violated their federal constitutional rights against unreasonable search and/or seizure of their persons, papers, and effects, when ordered to provide statement to a "certain" internal affairs investigator. *Id.* ¶ at 32. Plaintiff Floyd asserts he was assured by a SCPO representative in writing that the investigation was only administrative and not criminal

in nature. *Id.* at ¶ 33. Plaintiffs claim this writing was a deliberate untruth because Defendant Young previously said he had to transfer the matter to Defendant SCPO due to the potential criminal conduct of the Plaintiffs. *Id.* at ¶¶ 34- 35.

Plaintiffs state Defendant SCPO's investigation was grossly negligent, deliberately indifferent, and conducted with a pre-determined decision in mind. *Id.* at ¶¶ 36-37. Plaintiffs claim Defendant SCPO neglected to interview potential witnesses whom would have completely exonerated the Plaintiffs. *Id.* at ¶ 37. Plaintiffs assert Defendant SCPO ignored Plaintiffs' witness tampering claims, specifically that Proscia-Berger and her husband contacted witnesses prior to the witnesses giving statements to SCPO. *Id.* at ¶ 38.  After SCPO completed the investigation, Plaintiffs assert they were told "if they both agreed to plead to 'something' administrative in nature and further agreed to retired from the BPD defendant SPCO would not 'pursuant to any other potential disciplinary or criminal charges' against them". *Id.* at ¶ 41.

Plaintiffs maintain they did not do anything criminal in nature toward Defendant Proscia-Berger or anyone else. *Id.* at ¶ 42.  Plaintiffs contend Defendant SCPO used potential criminal charges to threaten them and force their retirement. *Id.* at ¶¶ 43-44. Additionally, Plaintiff Crisafulli alleges Defendant SCPO separately threatened him with the criminal charge of false swearing. *Id.* at ¶ 45. Plaintiffs assert they were illegally forced out/constructively discharged by the Defendants TOB and SCPO on May 1, 2019 (Crisafulli) and on June 1, 2020 (Floyd). *Id.* at ¶46. Plaintiffs also note that Plaintiff

4

Crisafulli passed two polygraph tests regarding his past dealings with Defendant Proscia-Berger. *Id.* at ¶ 47.

After the investigation, Defendant Proscia-Berger filed a lawsuit against Plaintiffs, TOB, and others, alleging defamation, condemnation, and slander. *Id.* at ¶ 49. Plaintiffs assert the TOB settled this civil case, without input from the Plaintiffs. *Id* at ¶¶ 50-51. After Defendant Proscia-Berger settled with TOB, she dismissed with prejudice her claims against Plaintiffs. *Id.* at ¶ 52.

Thereafter, Defendant Proscia-Berger was promoted to Sergeant within the BPD. *Id* at ¶ 54. Plaintiffs assert Defendant Young purposely and intentionally destroyed all written notes and reviews of all candidates who were in the running to be promoted to Lieutenant. *Id* at ¶ 55. Based on the above set of facts, Plaintiffs assert the following federal civil rights were violated by the named Defendants: "that their rights contained in the NJSAGG, IAPP's were abrogated, and their rights to privacy, right to be secure in their persons, papers and effects against unreasonable searches and seizures, rights not to be deprived of liberty or property without due process of the law and/or not to be deprived by any state of liberty or property without due process/equal protection of law were violated/ demolished/ abridged/ curtailed/ despoiled/ disrupted/ destroyed". *Id* at ¶ 56.

## STANDARD OF REVIEW

State Defendants move to dismiss Plaintiff's pleading under Rules 12(b)(1) and 12(b)(6). First, a motion to dismiss pursuant to Rule 12(b)(1), which may be raised at

any time, will be granted if the pleading, on its face, does not allege sufficient grounds to demonstrate that the court has subject matter jurisdiction.  *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999).  More specifically, the Supreme Court has explained that where a defendant successfully demonstrates that the Eleventh Amendment immunity precludes a suit, the court in which the plaintiff filed the action lacks subject matter jurisdiction over that complaint.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 64 (1996) (stating that the Eleventh Amendment stands "for the constitutional principle that state sovereign immunity limit[s] the federal courts' jurisdiction under Article III").

Next, to survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must have more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.*  Thus, a complaint must state more than "naked assertions" devoid of "further factual enhancement." *Id.*

Instead, a claim becomes facially plausible at this stage when, based on the factual content of the pleading and assuming the allegations in the complaint are true, the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56).  In all, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual

6

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Finally, although courts must take all the factual allegations in the complaint as true for purposes of a motion to dismiss, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## LEGAL ARGUMENTS

### I. THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST SOMERSET COUNTY PROSECUTOR'S OFFICE

Under the Eleventh Amendment of the United States Constitution, a non-consenting State is immune from a lawsuit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). That is, the principle of sovereign immunity bars "private suits against non-consenting States in federal court." *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (emphasis omitted); *see also Waterfront Comm'n of New York Harbor v. Governor of New Jersey*, 961 F.3d. 234, 238-39 (3d Cir. 2020) (affirming that sovereign immunity bars a private person's federal suit against a State). More specifically, the Eleventh Amendment immunity precludes suits in federal court against a non-consenting State based on state law, irrespective of the relief sought, and violations of federal law, except when prospective injunctive relief is demanded. *See Balsam v. Secretary of New Jersey*, 607 F. App'x 177, 183 (3d Cir. 2015) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984)).

7

Sovereign immunity further extends beyond the State itself to immunize "state agencies and departments," *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001), as well as state employees acting in their official capacities and "entities that are considered arms of the state." *Bowers v. Nat'l Collegiate Athletic Association*, 475 F.3d 524, 545 (3d Cir. 2007) (citations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment immunity bars a damages action against a State and state officials in their official capacities in federal court); *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979) (holding that sovereign immunity bars suits against States and state agencies under § 1983). A state entity or official is considered an "arm" of the State "when a judgment against [either] would have essentially the same practical consequences as a judgment against the State itself." *Bowers*, 475 F.3d at 545-46 (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)).

To determine whether an entity, agency or official is an "arm" of the State, the Third Circuit employs a three-factor test first adopted in *Fitchik*: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Bowers*, 475 F.3d at 545). The Third Circuit regards the three factors as "co-equal" and "on the same terms." *Karns*, 879 F.3d at 513 (internal quotations omitted); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–40 (3d Cir. 2005). Thus, after assessing the direction each factor points, courts must "balance

them to determine whether an entity amounts to an arm of the State." *Maliandi v. Montclair State University*, 845 F.3d 77, 84 (3d Cir. 2016).

Indeed, this three-pronged test provides the proper framework for analyzing Eleventh Amendment sovereign immunity as it applies to "arms of the State." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857-58 (3d Cir. 2014) (employing *Fitchik* analysis to the issue of sovereign immunity and whether a county prosecutor's office is an "arm" of the State in certain instances for Eleventh Amendment immunity purposes). *Cf. Patterson v. Pa. Liquor Control Board*, 915 F.3d 945, 950 (3d Cir. 2019) (reiterating *Fitchik* approach when analyzing "arms of the State" for the sovereign immunity analysis).

Consequently, without more, the Eleventh Amendment immunity precludes all claims here against the State. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (affirming dismissal of § 1983 claims against the State of New Jersey and the Office of the Attorney General based on the Eleventh Amendment immunity); *Balsam*, 607 F. App'x at 183 (citing *Halderman*, 465 U.S. at 106) (noting that sovereign immunity precludes claims against the State and its entities and employees in their official capacities in federal court).

As for the SCPO, the three *Fitchik* factors, as well as the case law from this Court, demonstrate that it is an "arm" of the State for Eleventh Amendment immunity purposes. First, The New Jersey Supreme Court requires the State to defend and indemnify a county prosecutor's office in federal action under §1983. *Gramiccioni v. Dep't*

*of Law & Pub. Safety,* 235 A.3d 129, 131 (N.J. 2020) (citing *Wright v. State,* 778 A.2d 443 (N.J. 2001)). "[T]he test for determining in which capacity a county prosecutor acts should 'focus on whether the function that the county prosecutors and their subordinates were performing during the alleged wrongdoing is a function that traditionally has been understood to be a State function and subject to State supervision in its execution.' " *Id.* at 141 (quoting *Wright,* 778 A.2d at 463).*3

The New Jersey Attorney General's Office has entered an appearance on behalf of SCPO. ECF No. 15. Moreover, any judgment rendered against SCPO would derive from the State of New Jersey, as the State has a duty to indemnify and defend county prosecutor offices. *See Chasin v. Montclair State Univ.,* 732 A.2d 457, 461 (N.J. 1999) ("The State's duty to indemnify an employee parallels the duty to defend. N.J.S.A. 59:10–1 requires the State to indemnify employees for whom a defense is provided."). Therefore, the fact that the Office of the Attorney General is representing SCPO because of the New Jersey Supreme Court discussion in *Wright,* the SCPO has satisfied the first Fitchik factor. *See Hof v. Janci,* No. 17-295, 2017 WL 3923296, at *3 (D.N.J. Sept. 7, 2017); *see also Waters v. Saez,* No. CV198811NLHAMD, 2020 WL 7351214, at *2–3 (D.N.J. Dec. 15, 2020)(holding first *Fitchik* factor satisfied when Cumberland County Sergeant sued for allegedly covering up assault of prisoner by officers); *see also Est. of Bardzell v. Gomperts,* No. CV204555KMESK, 2021 WL 288090 (D.N.J. Jan. 27, 2021) (finding Bergen County Prosecutor's Office satisfied first *Fitchik* prong).

Second, the SCPO's status under the law is as a state-created entity intended to discharge the State's responsibilities. The second factor considers "whether state law treats an agency as independent, or as a surrogate for the state." *Fitchik,* 873 F.2d at 662. Here, the entity is a county prosecutor's office in New Jersey, and therefore is a constitutionally established office. *Coleman v. Kaye*, 87 F.3d 1491, 1500 (3d Cir. 1996). Further, "[i]t is well established that when county prosecutors execute their sworn duties to enforce the law by making use of all the tools lawfully available to them to combat crime, they act as agents of the State." *Id* at 1499. As the SCPO's internal affairs investigation was related to the law enforcement duties of the prosecutor's office, it is not treated as an independent entity. *See Waters,* 2020 WL 7351214, at *3. Thus, second *Fitchik* factor is satisfied. *see Est. of Bardzell v. Gomperts*, No. CV204555KMESK, 2021 WL 288090 (D.N.J. Jan. 27, 2021) (finding Bergen County Prosecutor's Office satisfied second *Fitchik* prong).

Third, the Court must consider the degree of autonomy the prosecutor's office has from the State. The County Detectives and County Investigators Act "authorizes the prosecutor to appoint persons 'to be known as county detectives, to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law.' " *Dunne v. Fireman's Fund Am. Ins. Co.,* 353 A.2d 508, 511 (N.J. 1976) (quoting N.J.S.A. § 2A:157—2). An investigator "whose actions do involve the enforcement of the criminal laws **does not** enjoy a comparable degree of autonomy from the State government." *Wright v. State,* 778 A.2d 443, 464 (N.J. 2001)(emphasis added). Here, the

11

SPCO was engaged an in internal affairs and criminal investigation regarding sexual harassment and sexual assault. Pursuant to *Wrigh*t the SCPO was involved in the investigation and enforcement of state criminal law. *Id*. Accordingly, the Attorney General is answerable. *Id; see also Waters,* 2020 WL 7351214, at *3; *see also Est. of Bardzell v. Gomperts*, No. CV204555KMESK, 2021 WL 288090 (D.N.J. Jan. 27, 2021) (finding Bergen County Prosecutor's Office satisfied third *Fitchik* prong).

Therefore, the three *Fitchik* factors, along with the relevant case law, demonstrate that the State is the real party in interest when Plaintiffs here sue SCPO pursuant to § 1983. Thus, the SCPO is an "arm" of the State for Eleventh Amendment immunity purposes. *Est. of Bardzell v. Gomperts*, No. CV204555KMESK, 2021 WL 288090 (D.N.J. Jan. 27, 2021) (dismissing Bergen County Prosecutor's Office under Eleventh Amendment immunity).

In all, the Eleventh Amendment immunity precludes Plaintiffs' claims against Somerset County Prosecutor's Office.  Consequently, this Court should dismiss the Complaint against them with prejudice.

## II.   ALL CLAIMS AGAINST SOMERSET COUNTY PROSECUTOR'S OFFICE SHOULD FURTHER BE DISMISSED BECAUSE THEY ARE NOT CONSIDERED "PERSON[S]" AMENABLE TO SUIT UNDER § 1983

The claims against Somerset County Prosecutor's Office are, once again, solely pursuant to § 1983.  However, the Somerset County Prosecutor's Office is not

amenable to suit under the civil rights statute as a matter of law, thereby justifying the dismissal of these claims accordingly.

The plain language of § 1983 imposes liability on "[e]very *person* who, under color of" law violates a plaintiff's civil rights. 42 U.S.C. § 1983 (emphasis added). To that end, the United States Supreme Court has concluded for § 1983 purposes that States, "arms" of the States and state officials acting in their official capacities are not regarded as "person[s]" within the meaning of the statute and are, thus, not subject to suit based on principles of sovereign immunity that intersect with the civil rights law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.")).

Indeed, this Court has held that county prosecutor offices acting in their official capacities are "arms" of the State when engaged in their law enforcement and investigative roles and, in that capacity, are not "persons" amenable to suit under § 1983 or the NJCRA. *See Calan v. City of Jersey City*, 2017 WL 1135231, at *2 (D.N.J. March 27, 2017) ("Section 1983 and the NJCRA both enable a plaintiff to bring a civil action only against a 'person' who causes a deprivation of federal and state constitutional rights under the color of state law. It is well-settled law that the prosecutor's office of a New Jersey county, such as the [Hudson County Prosecutor's Office] in this instance, is not a 'person' subject to liability under Section 1983 or the NJCRA, particularly when that office is fulfilling its law enforcement and investigative roles."); *Henry v. Essex County Prosecutor's Office*, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017) (dismissing Essex

13

County Prosecutor's Office under § 1983 and the NJCRA because it is not a "person" subject to suit under the statutes); *McKinney*, 2014 WL 2574414, at *7 (concluding that the Bergen County Prosecutor's Office is not a "person" amenable to suit under § 1983).

It should lastly be noted in this context that "[t]he category of the actions taken, and not their alleged wrongfulness, is determinative" of the civil rights statutes' "person" inquiry. *Hof v. Janci*, 2017 WL 3923296, at *5 (D.N.J. Sept. 7, 2017). Thus, the ultimate question is whether the SCPO acted as an arm of the State when performing the alleged offending conduct. *Ibid.* Here, the SCPO was engaging in a criminal investigation against Plaintiffs. ECF No. 1 ¶ 20

Consequently, all claims against the SCPO here are improper because the office is not considered a "person" amenable to suit under § 1983. *See Endl*, 5 F. Supp. 3d at 696-97 (dismissing the State of New Jersey because it is not considered a "person" for purposes of § 1983 due to the protections of sovereign immunity) (citing *Will*, 491 U.S. at 67-70);

## III. THE COMPLAINT DOES NOT ESTABLISH A VIABLE CLAIM AGAINST SOMERSET COUNTY PROSECUTOR'S OFFICE UNDER § 1983

In addition to the above arguments decisively showing that a dismissal of all claims with prejudice against SCPO is justified, Plaintiff's § 1983 causes of action against them are not viable for two other reasons. First, Plaintiffs have not alleged specific, culpable conduct that was attributable to SCPO. Second, Plaintiff failed to adequately

aver--even if SCPO committed some actionable behavior--that their actions were the proximate cause of their injuries.  Consequently, Plaintiff has not sufficiently stated a legitimate claim.

Plaintiffs have not alleged conduct attributable to SCPO that demonstrates a valid constitutional cause of action.  For example, in a civil rights matter, a government entity is not liable for the actions of its employees based on a theory of respondeat superior.  *See Monell*, 436 U.S. at 691 (concluding that a governmental entity "cannot be held liable under § 1983 on a respondeat superior theory"); *Berg v. Cty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (same).  Instead, a plaintiff "must demonstrate that the violation of his rights was caused by either a policy or custom" of the public entity. *Berg*, 219 F.3d at 275.  A policy is made when a decision maker possessing final authority to establish a governmental policy with respect to the action "issues an official proclamation, policy, or edict."  *Ibid.* (internal quotations omitted).  Customs are "'practices of state officials . . . so permanent and well settled' as to virtually constitute law." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting *Monell*, 436 U.S. at 691).

Once a § 1983 plaintiff identifies an actionable policy or custom, he must further "demonstrate that . . . [the public entity's] deliberate conduct . . . was the 'moving force' behind the injury alleged." *Berg*, 219 F.3d at 276 (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)).  Simply, the Furthermore, causation can be established only by "demonstrat[ing] that the municipal action was taken with

15

'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Brown*, 520 U.S. at 407.

Here, other than conclusory statements charging all Defendants of deliberate indifference, there is no averment identifying a policy made or custom practiced specifically attributable to SCPO that amounts to a constitutional violation. For instance, the Complaint alleges Defendant Proscia-Berger spoke with witnesses prior to their investigative interviews, which Plaintiffs allege was an act of witness tampering. ECF No. 1 at ¶ 39. As well, the Complaint alleges SCPO did nothing to rectify this alleged witness tampering. *Id* at ¶ 30. Yet, the complaint does not assert any "policy" or "custom" by the SCPO which somehow facilitates or acquiesces to witness tampering.

Additionally, the Complaint alleges Plaintiffs were "ordered/directed" to go to SCPO to give a statement, which Plaintiffs allege violated their rights to be free of forcible seizure. ¶ 32. A seizure occurs when the government physically restrains an individual or when an individual submits to a show of government authority. *See United States v. Jackson*, 575 Fed.Appx. 59, 62 (3d Cir.2014) (citations omitted). However, the Complaint does not allege that SCPO ordered or directed Plaintiffs to speak with SCPO. Nor does the complaint allege SCPO held Plaintiffs against their will while SCPO interviewed Plaintiffs. Therefore, Plaintiffs cannot show a violation of their rights, nor there was a policy in place that perpetuates such a violation. Nor does the Complaint establish how the SCPO was the "moving force" behind Plaintiffs injury stemming from these "investigations of misconduct." *Berg*, 219 F.3d at 276.

Second, Plaintiffs have similarly failed to establish that SCPO was responsible for "forcing" Plaintiffs into retirement. Plaintiffs complaint alleges "they were told if they both agreed to plead to 'something' administrative in nature and further agreed to retire from BPD, defendant SCPO would not ' pursue any other potential disciplinary or criminal charges' against them".  ECF No. 1 ¶41. But, the Complaint does not demonstrate how SCPO was the actual and proximate cause of Plaintiffs retirement, which allegedly violated Plaintiffs' due process rights.

As an initial matter, prosecutors hold broad discretion to determine the extent of the societal interest in prosecution. *United States v. Goodwin*, 457 U.S. 368, 382 (1982). Further, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged. *Id* at 377. Moreover, there is no such element of punishment in the "give-and-take" of plea negotiation, so long as the accused "is free to accept or reject the prosecution's offer." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  Importantly, the defense and prosecution are of relatively equal bargaining power. *Id* at 362.

Plaintiffs' alleged "Hobb's Choice" is nothing more than plea negotiations, which is a legitimized process. *Goodwin*, 457 U.S. at 378. "We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on

17

which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." *Bordenkircher,* 434 U.S. at 365. Here, too Plaintiffs were faced with "unpleasant alternatives", but that is insufficient to find a violation of constitutional rights. Plaintiffs were free to reject the SCPO offer. Thus, SCPO is not the actual nor proximate cause of the Plaintiffs' retirement and Plaintiffs failed to show SCPO violated their constitutional rights.

In all, given that respondeat superior claims cannot give rise to a civil rights violation against governmental entities, other than broad averments against all Defendants for allegedly unconstitutional policies or customs, there are no sufficient, specific factual allegations against State Defendants that demonstrate a viable § 1983 claim. Because Plaintiff has failed to state a legitimate cause of action against State Defendants, this Court should dismiss the Complaint accordingly.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Somerset County Prosecutor's Office's Motion to Dismiss, thereby dismissing all claims against them with prejudice.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Phoenix N. Meyers
    Phoenix N. Meyers

18

Deputy Attorney General

Date: April 22, 2020

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendant,
  Somerset County Prosecutor's Office

By: Phoenix N. Meyers (307302019)
     Deputy Attorney General
     609-815-2839
     Phoenix.Meyers@law.njoag.gov
     DOL# 21-01037

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| PETER CRISAFULLI and COREY FLOYD, | Hon. Michael A. Shipp, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J. |
|    Plaintiffs, | Civil Action No.<br>3:21-cv-05709-MAS-DEA |
| v. | **ORDER DISMISSING PLAINTIFFS PETER CRISAFULLI AND COREY FLOYD'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 12(b)(1)** |
| TOWNSHIP OF BRANCHBURG., et al., | |
|    Defendants. | |

**THIS MATTER** having been opened to the Court on application of Gurbir S.

Grewal, Attorney General of New Jersey, by Phoenix N. Meyers, Deputy Attorney

General, appearing on behalf of Defendant Somerset County Prosecutor's Office for

an Order dismissing Plaintiffs Peter Crisafulli and Corey Floyd's (Plaintiffs) Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6), and the Court having considered the moving papers and for good cause shown,

**IT IS** on this _____ day of _____, 2021

**ORDERED** that the State Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint against the State Defendants and any and all cross-claims are hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that a copy of this Order shall be served upon all parties that have entered an appearance within ten days of receipt hereof.

_____

HON. MICHAEL A. SHIPP U.S.D.J.

2

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
PO Box 116
Trenton, New Jersey 08625
Attorney for Defendant,
  Somerset County Prosecutor's Office

By: Phoenix Meyers (307302019)
        Deputy Attorney General
        609-815-2839
        Phoenix.Meyers@law.njoag.gov
        DOL# 21-01037

| | | |
|---|---|---|
| PETER CRISAFULLI and COREY FLOYD,<br><br>　　Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF BRANCHBURG., et al.,<br><br>　　Defendants. | | CIVIL ACTION NO.<br>2:20-CV-14723-MCA-LDW<br><br>**CERTIFICATION OF SERVICE**<br><br>**(Electronically Filed)** |

I certify that I caused a copy of a notice of motion, Brief, form of proposed Order and a certification of service in this matter to be electronically filed with the Clerk of the United States District Court.

A courtesy copy of the motion has been sent to Judge Shipp's Chambers via regular mail.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


 /s  Phoenix Meyers
Phoenix Meyers
Deputy Attorney General

DATE: May 7, 2021