**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1948
_____

PETER CRISAFULLI
COREY FLOYD,
                    Appellants

v.

TOWNSHIP OF BRANCHBURG, SOMERSET COUNTY PROSECUTOR'S OFFICE,
KATE PROSCIA-BERGER, and DAVID YOUNG
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cv-05709)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 28, 2023.

Before: JORDAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: June 6, 2023)
_____

**OPINION**[*]
_____

Krause, *Circuit Judge*.

    Appellants Peter Crisafulli and Corey Floyd, a former Lieutenant and Sergeant,

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

respectively, in the Branchburg, New Jersey Police Department (BPD), challenge the District Court's dismissal of their claims against the Township of Branchburg, New Jersey (the Township), the Somerset County Prosecutor's Office (SCPO), and their former colleague Kate Proscia-Berger.  Because we agree with the District Court that Appellants' claims are barred by New Jersey's entire controversy doctrine and that the SCPO is not a proper defendant under 42 U.S.C. § 1983, we will affirm.

I.     BACKGROUND[1]

According to Appellants' Complaint, after Appellants declined to recommend Proscia-Berger for promotion to Sergeant, she accused them of sexual harassment, prompting the BPD to open an investigation of Appellants and to refer the matter to the SCPO, where Proscia-Berger's husband worked.  At the conclusion of the SCPO's investigation, Crisafulli and Floyd had to choose between pleading to an administrative charge and retiring, or facing potential disciplinary proceedings or even criminal charges.  Both chose to retire.

A flurry of litigation followed.  Proscia-Berger sued Crisafulli, Floyd, the Township, and the BPD, claiming, *inter alia*, that they had sexually harassed and assaulted her and subjected her to a hostile work environment.  But she settled with the BPD, and her entire suit, including the claims against Appellants, was dismissed with

---

[1] Because this is an appeal of a district court's dismissal for failure to state a claim, we accept Crisafulli's and Floyd's well-pleaded factual allegations as true and draw all reasonable inferences in their favor. *See Sherwin-Williams Co. v. County of Delaware*, 968 F.3d 264, 269 (3d Cir. 2020) (citation omitted), *cert. denied*, 141 S. Ct. 2565 (2021). Thus, these facts are taken from their Complaint.

prejudice. That same day, however, Appellants sued the Township, the SCPO, Proscia-Berger, and the BDP's former Chief of Police,[2] claiming violations of their constitutional rights under the Fourth, Fifth, and Fourteenth Amendments against all defendants, and raising a state-law claim against Proscia-Berger for intentional infliction of emotional distress (IIED). The District Court granted Appellees' motions to dismiss, and this appeal followed.

## II.   DISCUSSION[3]

Crisafulli and Floyd argue that the District Court erred in concluding (1) that their claims were barred by New Jersey's entire controversy doctrine, and (2) that the SCPO was not a proper defendant under 42 U.S.C. § 1983. Neither argument is persuasive.

### A.

Under New Jersey's entire controversy doctrine, "[n]on-joinder of claims required to be joined . . . shall result in the preclusion of the omitted claims," subject to certain exceptions. *See* N.J. Ct. R. 4:30A. The entire controversy doctrine is "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citations omitted). It

---

[2] The Chief was dismissed from the lawsuit on April 30, 2021.

[3] The District Court had original jurisdiction over Appellants' § 1983 claim under 28 U.S.C. § 1331, and it had supplemental jurisdiction over the IIED claim under 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal de novo. *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (citations omitted). A complaint survives a motion to dismiss "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Case 3:21-cv-05709-ZNQ-DEA   Document 39-2   Filed 06/28/23   Page 4 of 7 PageID: 625

applies and bars a party's subsequent suit so long as (1) "the claims against the different parties arise from related facts or the same transaction," *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995) (citation omitted), (2) the first proceeding produced a final judgment, *Rycoline Prods.*, 109 F.3d at 888–89, and (3) the party had "a fair and reasonable opportunity to have fully litigated that claim in the original action," *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (quotation omitted).

Those conditions are satisfied here.  First, the allegations in the Complaint arise out of the same facts as Proscia-Berger's original suit.  In that suit, Proscia-Berger accused Appellants of sexual harassment and assault.  Appellants then sued for IIED and constitutional violations stemming from those accusations and the defendants' handling of those accusations.  Thus, Proscia-Berger's and Appellants' complaints did not merely rely on the same evidence; Proscia-Berger's complaint "actually formed the basis" for Appellants' lawsuit, *DiTrolio*, 662 A.2d at 503, and thus "ar[o]se from interrelated facts," *id.* at 504.

Second, because the state court dismissed Proscia-Berger's claims with prejudice, that dismissal constituted a final judgment on the merits.  *See Velasquez v. Franz*, 589 A.2d 143, 148 (N.J. 1991) (citations omitted).

Finally, Appellants "had a fair and reasonable opportunity to have fully litigated [their] claim in the original action." *DiTrolio*, 662 A.2d at 505 (citation omitted).  While Appellants object that their original lawyer "continuously and repeatedly failed to . . . advise them" of "the Entire Controversy Doctrine's limitations," Opening Br. at 18–19, they cite no authority that makes knowledge of the doctrine the touchstone for whether

4

they had a fair and reasonable opportunity to assert their claims. The relevant question is whether they knew about Proscia-Berger's alleged tortious conduct and the Township's and the SCPO's alleged abuses at the time of the original proceeding. *See Wadeer*, 110 A.3d at 27; *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 531 (N.J. 1995).

That they did. Appellants began to look for new counsel to press their claims in November 2020, months before Proscia-Berger settled, and apparently, they had retained new counsel more than a week before the state court dismissed Proscia-Berger's case with prejudice. Yet they did not press their claims during the pendency of Proscia-Berger's action or try to stay the settlement.

Because Appellants' claims arise from the same transaction as Proscia-Berger's original suit, the dismissal of that suit was a final judgment, and Appellants had a fair and reasonable opportunity to litigate their claims in that suit, the District Court properly dismissed their Complaint under the entire controversy doctrine.

## B.

The District Court also was correct to dismiss Appellants' § 1983 claim. A plaintiff claiming the violation of a constitutional right under § 1983 must show the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A state's sovereign immunity prevents it from being sued under § 1983—*i.e.*, from being a "person" subject to the statute—absent abrogation or waiver. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (citation omitted). As a result, if it was acting as the state when it allegedly violated Crisafulli's and Floyd's rights, the SCPO is not a proper defendant for purposes of

§ 1983.  *Id.* at 71.  If, however, the SCPO was acting as a local governmental entity, Appellants can proceed if their Complaint satisfies the strictures of *Monell v. Department of Social Services*, 436 U.S. 658, 690–95 (1978).

We have found that "county prosecutors in New Jersey can be characterized as having a dual or hybrid status," conducting both state- and municipal-level duties.  *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996).  Thus, "[w]hen county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State[,] [b]ut . . . [when they perform] administrative function[s] on the local level entirely unrelated to the duties involved in criminal prosecution," they can be sued under § 1983.  *Id.* at 1505–06.  To determine whether prosecutors were acting in investigative or administrative functions, the "complaint must be read as a whole, and its averments and the inferences reasonably drawn from those averments must be viewed in the light most favorable to the plaintiff."  *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 855 (3d Cir. 2014) (citation omitted).

Here, the Complaint describes the SCPO's investigation of Proscia-Berger's allegations against Appellants as "both an administrative and criminal investigation." App. 27 (Compl. ¶ 20) (emphasis omitted).  Moreover, it notes the BPD referred the case to the SCPO because the Police Chief believed that Crisafulli and Floyd might have committed crimes.  The SCPO's investigation thus served a classic law-enforcement function, not an administrative one, and the District Court correctly determined the

6

SCPO, acting as the State, was immune from § 1983 liability. *See Will*, 491 U.S. at 71.

### III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.